UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERREL FILES, #729256,

        Petitioner,

                                            CASE NO. 5:17-CV-13331
v.                                         HONORABLE JOHN CORBETT O'MEARA

CONNIE HORTON,

        Respondent.
_____/

**OPINION AND ORDER RESOLVING RESPONDENT'S EXHAUSTION MOTION,
DENYING PETITIONER'S MOTION TO STRIKE,
STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Jerrel Files was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to rob while armed, Mich. Comp. Laws § 750.89, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of life imprisonment on the first-degree murder conviction, 33 to 50 years imprisonment on the second-degree murder and assault convictions, 5 to 10 years imprisonment on the felon in possession conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction.[1] In his *pro se* petition, Petitioner raises claims concerning double

---

[1] Petitioner's second-degree murder conviction and sentence were vacated on direct appeal on double jeopardy grounds.

jeopardy, the admission of other acts evidence and the effectiveness of trial counsel, the trial court's use of the forfeiture by wrongdoing exception to admit hearsay statements, arraignment delay, the state court's jurisdiction, the trial court's conduct at a due diligence hearing, the lack of evidence of his identity, the sufficiency of the evidence, and the effectiveness of appellate counsel.

This matter is now before the Court on Respondent's motion to dismiss the petition or hold it in abeyance based upon Petitioner's failure to exhaust all of the claims, as well as Petitioner's motion to strike that motion. For the reasons that follow, the Court concludes that Petitioner has not exhausted state court remedies as to several of his habeas claims and that a stay of the proceedings, rather than a dismissal of the petition, is appropriate such that Respondent's motion should be granted in part. The Court also concludes that there is no basis for striking Respondent's motion to dismiss such that Petitioner's motion to strike should be denied.

## II. PROCEDURAL HISTORY

Petitioner's convictions arise from the robbery and shooting death of a cab driver in Detroit, Michigan on April 13, 2013. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) his convictions for both first-degree murder and second-degree murder violate double jeopardy, (2) he was denied his right to due process by the admission of other acts evidence implying that he had a propensity to carry guns and counsel was ineffective for failing to object, (3) the trial court erred in applying the forfeiture by wrongdoing exception and violated his due process rights by admitting hearsay statements, and (4) his rights were violated by an unreasonable delay in arraignment and counsel was ineffective for failing to litigate the defective complaint and warrant at the preliminary examination. The Michigan Court of Appeals granted relief on the double jeopardy claim and vacated the second-degree murder

2

conviction and sentence, but denied relief on the other claims and affirmed the remaining convictions. *People v. Files*, No. 321336, 2016 WL 359158 (Mich. Ct. App. Jan. 26, 2016) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim absent the double jeopardy claim, which was denied in a standard order. *People v. Files*, 499 Mich. 971, 880 N.W.2d 541 (June 28, 2016).

Petitioner dated his federal habeas petition on September 14, 2017. He raises the following claims: (1) his convictions for both first-degree murder and second-degree murder violate double jeopardy, (2) he was denied due process by the admission of other acts evidence and trial counsel was ineffective for failing to object, (3) he was denied due process when the trial court applied the forfeiture by wrongdoing exception and admitted hearsay statements, (4) he was denied due process and other rights by an unreasonable delay in arraignment and jurisdictional defects, (5) he was denied due process by the trial court's conduct at due diligence hearing, (6) he was denied due process where the prosecution failed to establish his identity as the perpetrator, (7) the prosecution presented insufficient evidence to support his convictions, and (8) he was denied the right to the effective assistance of appellate counsel.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all available state court remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state

3

courts, including both the Michigan Court of Appeals and the Michigan Supreme Court, to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. The record indicates that he did not raise his sixth, seventh, and eighth habeas claims in the state courts and first raised them in his federal habeas petition. Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

4

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner has not exhausted at least three of his habeas claims. He has available remedies in the Michigan courts by which to do so before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

In this case, Petitioner has the need for a stay. He raises several claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies as Petitioner appears to have dated his habeas petition with less than two weeks remaining before the expiration of the one-year period. While Petitioner does not cite reasons for his failure to present his unexhausted issues in the state courts before proceeding on federal habeas review, he does raise a claim alleging ineffective assistance of appellate counsel, which arguably may provide good cause for his failure to raise the claims on direct appeal. Lastly, the Court finds that at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. The Court shall therefore hold the exhausted claims in the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to the unexhausted claims.

Lastly, regarding Petitioner's motion to strike, the Court finds no reason to strike Respondent's exhaustion motion. The responsive pleading was timely filed and raises a valid argument for dismissing the habeas petition and/or holding it abeyance on exhaustion grounds.

## IV. CONCLUSION

Accordingly, the Court grants in part Respondent's exhaustion motion, denies Petitioner's motion to strike. and holds the exhausted claims in the petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the state trial court and then pursuing appeals as necessary. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this

6

Court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. This case is closed for administrative purposes pending compliance with these conditions.

Lastly, should Petitioner wish to forego pursuit of the unexhausted claims and to proceed only on the fully exhausted claims contained in his habeas petition, he may move to reopen this case to proceed on an amended petition containing only the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of any of Petitioner's habeas claims.

**IT IS SO ORDERED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: May 24, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 24, 2018, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager