UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERREL FILES,

          Petitioner,          Case No. 17-13331

v.                                    HON. MARK A. GOLDSMITH

CONNIE HORTON,

          Respondent.
_____/

**OPINION & ORDER
(1) REOPENING THE CASE, (2) DISMISSING WITH PREJUDICE THE PETITION
FOR WRIT OF HABEAS CORPUS, (3) DENYING PETITIONER'S MOTION TO
REOPEN THE PETITION (Dkt. 16), (4) DENYING PETITIONER'S MOTION TO
AMEND/CORRECT THE PETITION (Dkt. 17), (5) DENYING CERTIFICATE OF
APPEALABILITY, AND (6) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Following a jury trial in Michigan's Wayne County Circuit Court, Michigan prisoner Jerrel Files (Petitioner) was convicted of first-degree felony murder, Mich. Comp. L. § 750.316(1)(b); second-degree murder, Mich. Comp. L. § 750.317; assault with intent to rob while armed, Mich. Comp. L. § 750.89; felon in possession of a firearm, Mich. Comp. L. § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. L. § 750.227b. He was sentenced as a third habitual offender, Mich. Comp. L. § 769.11, to concurrent terms of life imprisonment on the first-degree murder conviction, 33 to 50 years' imprisonment on the second-degree murder and assault convictions, 5 to 10 years' imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

For the reasons set forth below, the Court reopens the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims, dismisses with prejudice the petition for a writ of habeas corpus, denies Petitioner's motion to reopen the petition

(Dkt. 16), denies Petitioner's motion to amend/correct the petition (Dkt. 17), denies a certificate of appealability, and denies Petitioner leave to proceed in forma pauperis on appeal.

## I.   BACKGROUND

Petitioner's convictions arise from the robbery and shooting death of a cab driver in Detroit, Michigan on April 13, 2013. Following his convictions and sentencing, Petitioner filed with the Michigan Court of Appeals an appeal of right raising claims concerning double jeopardy, the admission of other acts evidence, the effectiveness of trial counsel, the trial court's use of the forfeiture-by-wrongdoing exception to admit hearsay statements, arraignment delay, and the effectiveness of counsel for failing to litigate a defective complaint and warrant at the preliminary examination. The Michigan Court of Appeals granted relief on the double jeopardy claim and vacated the second-degree murder conviction and sentence, but it denied relief on the other claims and affirmed the remaining convictions. People v. Files, No. 321336, 2016 WL 359158 (Mich. Ct. App. Jan. 26, 2016). Petitioner filed with the Michigan Supreme Court an application for leave to appeal raising the same claims except for the double jeopardy claim. The Michigan Supreme Court denied leave to appeal in a standard order. People v. Files, 880 N.W.2d 541 (Mich. 2016).

Petitioner dated his initial pro se federal habeas petition on September 14, 2017. In that petition, he raises claims concerning double jeopardy, the admission of other acts evidence, the effectiveness of trial counsel, the trial court's use of the forfeiture-by-wrongdoing exception to admit hearsay statements, arraignment delay, the state court's jurisdiction, the trial court's conduct at a due diligence hearing, the lack of evidence of his identity, the sufficiency of the evidence, and the effectiveness of appellate counsel. Pet. (Dkt. 1). After Respondent moved to dismiss the petition on exhaustion grounds, see Mot. to Dismiss (Dkt. 7), and Petitioner filed responsive motions, see Mot. to Strike (Dkt. 9); Request for Clerk's Entry of Default Judgment (Dkt. 10), the

Court issued an order resolving those motions, staying the proceedings to allow Petitioner to return to the state courts to exhaust his claims, and administratively closing the case. 5/24/18 Order (Dkt. 13). The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 30 days of the Court's order and, if he was unsuccessful in the state courts, moving to reopen the case and proceed on an amended petition within 30 days after the conclusion of the state collateral review proceedings. Id. at 6–7. Petitioner subsequently moved for an extension of time to file his motion for relief from judgment in the state trial court. Mot. to Extend (Dkt. 14). The Court granted his request and gave Petitioner an additional 60 days (for a total of 90 days and until August 22, 2018) to do so. 6/21/18 Order (Dkt. 15).

On September 19, 2018, Petitioner filed a motion for relief from judgment with the state trial court raising his unexhausted claims. The state trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3) and on the merits. People v. Files, No. 13-010861-01-FC (Wayne Cnty. Cir. Ct. July 19, 2019) at PageID.1830–1836 (Dkt. 16-1). Petitioner filed with the Michigan Court of Appeals a delayed application for leave to appeal, which was denied for failure to establish that the trial court erred in denying the motion for relief from judgment. People v. Files, No. 352420 (Mich. Ct. App. April 17, 2020) at PageID.1837 (Dkt. 16-1). Petitioner filed with the Michigan Supreme Court an application for leave to appeal, which was denied pursuant to Michigan Court Rule 6.508(D). People v. Files, 951 N.W.2d 658 (Mich. 2020).

On December 30, 2021, Petitioner, through counsel, submitted a motion to reopen this case, Mot. to Reopen (Dkt. 16), and a motion for leave to amend the habeas petition and to have the amended petition relate back to the original petition, Mot. to Amend/Correct Petition (Dkt. 17). This matter is before the Court to determine whether Petitioner should be allowed to reopen this

3

case and proceed on his habeas claims as set forth in his amended petition. The Court reopens the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims.

## II. ANALYSIS

Petitioner's request to proceed on his habeas claims must be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case. See 5/24/18 Order. The Court conditioned the stay on Petitioner returning to state court within 30 days (later extended an additional 60 days for a total of 90 days) of the Court's stay order, exhausting his state court remedies, and moving to reopen his case on an amended petition within 30 days of the conclusion of his state collateral review proceedings. Id. at 6–7. Petitioner did not do so. First, he did not return to the state trial court within 90 days of the Court's stay order, given that the stay order was entered on May 24, 2018, and Petitioner did not file his motion for relief from judgment with the state trial court until September 19, 2018. Second, Petitioner did not return to this Court within 30 days of the conclusion of his state collateral review proceedings, given that those proceedings ended on December 22, 2020, and counsel did not file the motions to reopen and amend the habeas petition until December 30, 2021. Consequently, Petitioner has failed to comply with the conditions of the stay.

Petitioner neither acknowledges nor explains his delay in filing his motion for relief from judgment with the state trial court, even after the Court granted him an extension of time. In fact, Petitioner omits that filing date in his motions. See Mot. to Amend/Correct Petition at PageID.1840. Petitioner's only explanation for his extended delay in returning to federal court after completing the state-court process is that he had a "previous lack of funds" to hire counsel.

4

Id. at PageID.1843. The fact that Petitioner is untrained in the law, was proceeding without a lawyer for a period of time, or lacked funds to obtain counsel sooner does not justify his failure to comply with the clear requirements of the Court's order. See, e.g., Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (finding that pro se status is not an extraordinary circumstance that warrants tolling of the one-year statute of limitations); Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (stating that ignorance of the law does not justify equitable tolling); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (stating that illiteracy is not a basis for equitable tolling); Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (explaining that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). Petitioner was aware of the time requirements, given his pro se request for an extension of time following the Court's stay order. Moreover, he could have requested another extension of time or moved to reopen this case within the Court's time limits and then sought additional time to perfect his pleadings (with or without the assistance of counsel). He did not do so. Rather, his case languished here for more than a year after his state-court collateral review proceedings had ended.

Accordingly, the Court denies Petitioner's request to proceed on his habeas claims. Rather, in accordance with precedent from the United States Court of Appeals for the Sixth Circuit, the Court vacates the stay as of the date it was entered, May 24, 2018, and dismisses with prejudice the petition for a writ of habeas corpus. See Palmer v. Carlton, 276 F.3d 777, 780–782 (6th Cir. 2002) ("If [the] condition[s] of the stay [are] not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.") (punctuation modified); see also Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014) (affirming district court's dismissal

of petition based upon petitioner's failure to comply with conditions of the stay). Petitioner's pending motions are denied. This case is now closed for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

The Court also denies Petitioner leave to proceed in forma pauperis on appeal because it finds that an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

### III. CONCLUSION

For the reasons stated above, the Court dismisses with prejudice the petition for a writ of habeas corpus, denies Petitioner's motion to reopen the petition (Dkt. 16), denies Petitioner's motion to amend/correct the petition (Dkt. 17), denies a certificate of appealability, and denies Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: April 8, 2022  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 8, 2022.

                                                             s/Karri Sandusky  
                                                             KARRI SANDUSKY  
                                                             Case Manager